**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

**ROBERT P. HOLLINGSWORTH III,**

Plaintiff,

v.

**MICHIGAN STATE UNIVERSITY,**

426 Auditorium Road,

East Lansing, MI 48824,

and

**OFFICE OF INSTITUTIONAL EQUITY,**

403 Olds Hall,

East Lansing, MI 48824,

Defendants.

**Case No. 1:24-cv-410**

**Hon. Jane M. Beckering**

FILED - LN
November 25, 2024 1:25 PM
CLERK  OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:  jlg /          SCANNED BY: ꓞ / 11/25/24

1:24-cv-1259

Jane M. Beckering
U.S. District Judge

**REFILED COMPLAINT FOR DISCRIMINATION, RETALIATION, AND WHISTLEBLOWER VIOLATIONS**

Dear Honorable Judge,

1. This is a civil action concerning MDCR Case# 638984, brought by Plaintiff Robert P. Hollingsworth III against Defendants Michigan State University (MSU) and its Office of Institutional Equity (OIE) for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Fair Labor Standards Act (FLSA), the Michigan Elliott-Larsen Civil Rights Act (ELCRA), and the Michigan Whistleblowers' Protection Act.

2. I am deeply dismayed by the court's order attempting to close and discredit my well-substantiated complaint. The court's assertion that I failed to allege sufficient facts is unfounded. As this amended complaint details, I have provided a meticulously documented account of MSU's unlawful discrimination, retaliation, and whistleblower violations against me.

3. The court's reliance on Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal is misplaced. My allegations are far from mere "legal conclusions" or "threadbare recitals." They meet the plausibility pleading standard, citing chapter and verse of the laws MSU violated.

4. Closing this well-pleaded complaint without allowing me to present evidence denies me due process and equal protection under the law.

5. The court ignored the disturbing pattern of MSU's Office of Institutional Equity (OIE) swiftly dismissing my grievances as an African-American male while failing to discipline white high-profile individuals like Larry Nassar and Dennis Denno despite substantiated misconduct findings.

**Parties**

6. Plaintiff Robert P. Hollingsworth III is a resident of Lansing, Michigan.

7. Defendant Michigan State University is a public research university located in East Lansing, Michigan.

8. Defendant Office of Institutional Equity is a department within MSU responsible for handling discrimination and harassment complaints.

**Factual Allegations**

A. **Incident with Manager Rebecca Delap**

9. **Initial Encounter**: On July 31, 2023, at approximately 10:30 PM, Plaintiff engaged in a discussion with his manager, Rebecca Delap, regarding discrepancies in his paycheck and additional work hours.

10. **Discriminatory Actions**: During this conversation, Plaintiff inquired about the allocation of hours and raised concerns about a coworker with less experience receiving more hours. In response, Delap dismissed Plaintiff's concerns and instructed him to clock out, disregarding his transportation challenges.

11. **Retaliatory Termination**: Plaintiff believes these actions were retaliatory and directly linked to his inquiries about pay and equal treatment, infringing upon his rights under federal and state laws.

12. **Lack of Disciplinary History**: At the time of termination, Plaintiff had not received any prior disciplinary write-ups and had been recognized for exemplary work performance.

13. **Reporting the Incident**: Plaintiff reported Delap's discriminatory and retaliatory actions to MSU's Human Resources department and attempted to file a grievance with the union, which refused to assist him.

14. **OIE's Dismissal**: Despite providing audio evidence indicating that Delap lied about Plaintiff quitting and lacked authority to terminate employees, MSU's OIE dismissed the complaint without adequate investigation or remedy.

15. **New Evidence from Arthur Glasscoe**: Arthur Glasscoe has provided testimony revealing further discriminatory practices by management that were unavailable at the time of the original filing.

B.**Pattern of Discrimination and Disparate Treatment**

1. **Leniency Towards Larry Nassar**: In 2014, MSU's Office of Institutional Equity (OIE) conducted a Title IX investigation into allegations against Larry Nassar, a white male, which concluded that his treatments were not sexual in nature, despite serious allegations. Even after more complaints emerged in 2015, MSU allowed Nassar to continue practicing on campus, demonstrating a lack of urgency and disregard for the severity of the accusations[1][2].

2. **Swift Action Against Mel Tucker**: In stark contrast, when Mel Tucker, a Black football coach, was accused of a minor NCAA violation in 2022, MSU swiftly suspended and fined him without allowing him to present exculpatory evidence. This action was taken despite Tucker's claims that text messages could prove the violation was consensual.

3. **Double Standard**: This double standard illustrates a deeply disturbing pattern of disparate treatment based on race. While MSU showed leniency towards Nassar despite severe allegations, it aggressively disciplined Tucker for a comparatively minor issue.

4. **Impact on Plaintiff**: Similarly, OIE dismissed my well-evidenced complaint as an African-American male despite providing clear audio proof of discrimination and retaliation by my manager. This reflects the same pattern of racial bias where OIE credits unsubstantiated claims by white individuals while denying due process to Black employees like myself and Coach Tucker.

5. **Further Evidence from Arthur Glasscoe**: New testimony from Arthur Glasscoe supports these claims by revealing additional discriminatory practices within MSU's management that were not available during the original filing.

C. **Applicable Federal and State Laws**

19-23. Defendant's actions violate Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; FLSA anti-retaliation provisions; ELCRA; and Michigan Whistleblowers' Protection Act.

D. **Nassar v. University of Texas Southwestern Medical Center**

24. **Relevance of Nassar Decision**: The Supreme Court's decision in *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338 (2013), is pivotal to my claims as it established that to succeed on a retaliation claim under Title VII, an employee must demonstrate that retaliation was the "but-for" cause of the adverse employment action.

25. **Application to My Case**: My claims under Title VII and the Michigan Whistleblowers' Protection Act are subject to this "but-for" causation standard; I must prove that the retaliatory intent of the Defendants was the decisive factor in my termination.

26. **Supporting Evidence**: The fact that MSU allowed Rebecca Delap to terminate me despite being informed she lacked such authority underscores that my termination was directly linked to retaliation against me for asserting my rights.

E. **Motion for Appointment of Pro Bono Counsel**

27. I respectfully request the appointment of pro bono legal counsel to assist in navigating the complex legal landscape involving multiple federal and state laws.

F. **Motion for Evidentiary Hearing**

28. I respectfully request the court to schedule an evidentiary hearing where I can present audio recordings and other evidence supporting my claims.

**G. Demand for Jury Trial**

29. **Right to Jury Trial**: I hereby demand a trial by jury on all issues so triable, as is my right under the Seventh Amendment to the U.S. Constitution. This ensures that factual disputes over damages and claims are decided by a jury, reflecting community standards and fairness.

30. **Waiver of Governmental Immunity**: I will amend the complaint to allege facts showing that Michigan State University, as a public institution, has waived its governmental immunity by engaging in proprietary and commercial activities and purchasing liability insurance. Any motions to dismiss based on immunity grounds should be opposed.

31. **Preliminary Injunction Possibility**: I will plead facts demonstrating a likelihood of success on the merits, irreparable harm without an injunction, and how the balance of equities and public interest favor granting a preliminary injunction against the university's unlawful conduct.

**H. Harm Suffered and Relief Sought**

32. **Emotional Distress**: During my employment, I experienced severe emotional distress, anxiety, depression, post-traumatic stress, and humiliation due to the Defendant's unlawful discrimination, harassment, and retaliation against me. I am currently attending therapy for mental suffering.

33. **Financial Impact**: As a result of the Defendant's unlawful conduct, I have suffered loss of wages and benefits, damage to my reputation and professional credibility, and significant financial hardship, including being unable to work for a month and meet rent and bill obligations.

34. **Compensation Sought**: I seek $75 million in damages to compensate for the harm suffered.

35. **Injunctive Relief Requested**: I request an order for Defendant to:

- Reinstate me with full back pay and benefits.

- Implement comprehensive anti-discrimination and whistleblower protection policies and training.

- Discipline or terminate manager Rebecca Delap for her unlawful conduct.

36. **Litigation Costs**: I further request all costs of litigation, including reasonable attorney's fees and witness fees, to be awarded as appropriate.

**I. Religious Beliefs**

37. **Religious Basis for Justice Pursuit**: Denying me a full and fair opportunity to present evidence contradicts my religious beliefs based on biblical scripture advocating for justice without disparate impact (Romans 13:1-2).

38. **Violation of Religious Beliefs**: Any violation of laws prohibiting racial discrimination, retaliation, and whistleblower violations would be considered a violation of my constitutional rights and religious beliefs (Proverbs 31:8-9).

39. **Call for Judicial Impartiality**: I implore the court to be guided by principles of justice, impartiality, and adherence to the rule of law enshrined in both biblical teachings and the U.S. Constitution.

40. **Impact on Legal System Foundations**: Dismissing these well-substantiated claims without proper consideration would undermine the very foundations of our legal system and the constitutional protections we all hold dear.

Respectfully submitted,

Robert P Hollingsworth III

[924 W Ionia St Apt 2 Lansing, Michigan 48915]

[517-214-9329]

[hollingsworth.robert@ymail.com]

11-25-24